COZEN O'CONNOR
James F. Campise, Esq.
*Attorneys for Plaintiff, Fireman's Fund Insurance Company*
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

FIREMAN'S FUND a/s/o NESTOR REYES, INC.

        Plaintiff,

-against-

AMERIJET INTERNATIONAL INC.,

        Defendants.
---------------------------------------------------------X

Civil Action No.: 1:07-cv-08357-RJH

COMPLAINT

      Plaintiff, Fireman's Fund Insurance Company a/s/o Nestor Reyes, Inc. by its attorneys, Cozen O'Connor, as and for its complaint herein, alleges upon information and belief:

      1.      Jurisdiction is founded herein upon Title 28 U.S.C. Sections 1331 and/or 1332. This action arises under a Treaty of the United States, to wit, the Convention for the Unification of Certain Rules Relating to the International Transportation by Air, October 12, 1929, 49 STAT. 3000 (1934), T.S. 876, L37 L.N.T.S. 112, reprinted in 49 U.S.C. Section 1502 note (1976), the "Warsaw Convention," and/or the "Montreal Convention" as hereinafter more fully appears.

2. Nestor Reyes, Inc. is the named insured on the involved Marine Cargo Policy OC 94841100, and has a principal place of business located in San Juan Puerto Rico.

3. Plaintiff "Fireman's Fund Insurance Co." are interested cargo underwriters subscribing to the involved Marine Cargo Policy, and is a corporation incorporated in one of the fifty states, authorized to do business in every state in the United States, including New York, with a place of business located at One Chase Plaza, New York, NY 10005, and by virtue of payment under Claim No. 20035065, are subrogated to the interests of its subrogor, Nestor Reyes, Inc.

4. Defendant Amerijet, is a corporation organized under the laws of one of the fifty states, authorized to do business in states of the United States, including New York with a place of business located at 179-02, 150 Avenue, Jamaica New York, NY 11434 and also conducts business at 2800 Andrew's Avenue, Fort Lauderdale, Florida 33316.

5. Plaintiff's subrogor, at all times hereinafter alleged, was engaged in the business of manufacture, production, distribution and selling of electronics.

## AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff entered into an agreement with defendant(s) wherein the defendant(s) agreed to safely transport certain cargo in exchange for

2

consideration, pursuant to certain air waybill(s), as more fully described in Schedule "A."

7. Plaintiff duly delivered to the defendants the cargo at the airport of departure in good condition.

8. Pursuant to said agreement defendants received the cargo in good condition and undertook to perform the transportation thereof to the airport of destination and deliver same in accordance with the aforementioned Waybill(s) in the same good order and condition as received.

9. That said Waybill(s) contracted for were made pursuant to and in accordance with the provisions of the **Warsaw Convention**, and/or Montreal Convention which establish the rights and obligations of the parties' hereto.

10. That in violation of the aforementioned agreement and Waybill, the defendants, jointly and severally, failed to deliver in good condition the cargo to the consignee.

11. That by reason of defendants' willful breach of its agreement and its own rules and regulations, plaintiff has been damaged in the sum $92,540.20 with interest thereon from October 1, 2005.

**AS AND FOR A SECOND CAUSE OF ACTION**

12. Plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs "1" through "11" of this complaint as is more fully set forth herein.

13. The defendant(s), their agents, servants and employees conducted themselves during the custody, control, handling, transportation and care of such property in a negligent manner and in such a way as to be totally oblivious to plaintiff's and its subrogor's rights in such property.

14. That defendant's willful negligence and improper conduct with respect to the custody, control, handling, transportation and care of such property resulted in loss, damage and deterioration to the cargo.

15. That by reason of defendant's willful negligence and improper conduct, plaintiff has been damaged in the sum of $92,540.20 with interest thereon from October 11, 2000.

### AS AND FOR A THIRD CAUSE OF ACTION

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" of this complaint as it more fully set forth herein.

17. That defendants received the cargo belonging to plaintiff and as such became a bailee for hire.

4

18. That defendants received the cargo in good condition and pursuant to such bailment for hire, was obligated to redeliver same in the same good order and condition as received.

19. That in willful breach of its bailment obligation, the defendant failed to re-deliver the cargo in good condition in that said shipment was damaged.

20. That by reason of defendant's joint and several willful breach of its bailment obligation, plaintiff has been damaged in the sum of $92,540.20 with interest thereon from October 1, 2005.

**WHEREFORE**, plaintiff requests:

A. That process in due form of law according to the practice of this Court may issue against these defendants.

B. That if defendants cannot be found within the district that all of their property within this district be attached in the sum set forth in this complaint, together with interest and cost.

C. That a judgment be entered in favor of plaintiff, on each count, for the amounts stated in the this complaint, together with interest and costs.

D. That in the event there is an arbitration clause which governs this dispute, the complaint be deemed a demand for arbitration in accordance with the terms and conditions of that arbitration clause.

E. Plaintiff further requests such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       September 25, 2007

                        COZEN O'CONNOR
                        James F. Campise, Esq.
                        Attorneys for Plaintiff,
                        Fireman's Fund Insurance Company
                        a/s/o Nester Reyes, Inc.

By: _____
        James F. Campise (JFC 3631)
        45 Broadway, 16th Floor
        New York, New York 10006
        Tel. (212) 908-1203
        File: 204238

## **SCHEDULE A**

| | |
|---|---|
| Shipper: | Sony Puerto Rico |
| Consignee: | Chupani (St. Marten) |
| Date of Shipment: | October 1, 2005 |
| Port of Shipment: | Miami Florida |
| Port of Discharge: | St. Marten |
| Bill of Lading: | AWB 810-05893705 |
| Shipment: | 3 cartons of cameras and camcorders |
| Nature of Loss: | non-delivery |
| Amount of Loss: | $92,540.20 |
| Cozen O'Connor File: | 204238 |