MOUND COTTON WOLLAN & GREENGRASS
Francis A. Montbach, Esq.
Attorneys for Amerijet International, Inc.
One Battery Park Plaza
New York, NY  10004
(212) 804-4200
fmontbach@moundcotton.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------

FIREMAN'S FUND a/s/o NESTOR REYES, INC.,

               Plaintiff,

- against -

AMERIJET INTERNATIONAL, INC.

               Defendant

----------------------------------------------------------------------x

Index No.
07 Civ 8357 (RJH)

**ANSWER**

       Defendant, Amerijet International, Inc., by its attorneys, Mound Cotton Wollan & Greengrass, as and for its Answer to the Complaint herein, alleges as follows:

       FIRST:    Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "1", "2", "3" and "5"

### AS TO THE FIRST CAUSE OF ACTION

       SECOND:    Denies each and every allegation contained in that paragraph of the Complaint designated "6" except that it admits that it agreed to transport a shipment of cargo pursuant to air waybill #810-0589-3705 dated October 1, 2005, in accordance with the terms and conditions of said air waybill.

       THIRD:    Denies each and every allegation contained in that paragraph of the Complaint designated "7", except that it admits that it received a shipment of three pieces of

cargo, in Miami, Florida, the contents and condition of which were unknown to this defendant, for carriage pursuant to the terms and conditions of air waybill #810-0589-3705.

FOURTH: Denies each and every allegation contained in those paragraphs of the Complaint designated "8" and "9", except that it admits that it agreed to transport the aforementioned shipment pursuant to the terms and conditions of air waybill #810-0589-3705.

FIFTH: Denies each and every allegation contained in those paragraphs of the Complaint designated "10" and "11".

## AS TO THE SECOND CAUSE OF ACTION

SIXTH: Repeats, reiterates and realleges each and every allegation and denial contained in those paragraphs of this Answer designated "FIRST" through "FIFTH", as if set forth more fully herein.

SEVENTH: Denies each and every allegation contained in those paragraphs of the Complaint designated "13", "14" and "15".

## AS TO THE THIRD CAUSE OF ACTION

EIGHTH: Repeats, reiterates and realleges each and every allegation and denial contained in those paragraphs of this Answer designated "FIRST" through "SEVENTH", as if set forth more fully herein.

NINTH: Denies each and every allegation contained in those paragraphs of the Complaint designated "17", "19" and "20".

TENTH: Denies each and every allegation contained in that paragraph of the Complaint designated "18", except that it admits that it agreed to transport a shipment pursuant to and in accordance with the terms and conditions of air waybill #810-0589-3705, dated October 1, 2005.

AS AND FOR A FIRST COMPLETE
AFFIRMATIVE DEFENSE

ELEVENTH: Any damages allegedly suffered by the plaintiff herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

AS AND FOR A SECOND COMPLETE
AFFIRMATIVE DEFENSE

TWELFTH: The contract of carriage embarked upon herein was an international transportation and as such was governed, controlled and made subject to the terms and provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended.

THIRTEENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

FOURTEENTH: Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

AS AND FOR A THIRD COMPLETE
AFFIRMATIVE DEFENSE

FIFTEENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage

or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the shipper and/or consignee, their agents, servants and/or employees.

SIXTEENTH:    Upon information and belief, any loss, damage or delay was caused by or contributed to by the shipper and/or consignee, their agents, servants and/or employees.

AS AND FOR A FOURTH COMPLETE
AFFIRMATIVE DEFENSE

SEVENTEENTH:    That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless a written complaint concerning such loss, damage or delay is filed with this defendant within the applicable time limit.

EIGHTEENTH:    Upon information and belief, the proper written complaint concerning such loss, damage or delay was not filed with this defendant within the applicable time limit.

AS AND FOR A FIFTH COMPLETE
AFFIRMATIVE DEFENSE

NINETEENTH:    That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

### AS AND FOR A SIXTH COMPLETE
### AFFIRMATIVE DEFENSE

TWENTIETH:    That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

TWENTY-FIRST:    Upon information and belief, the damages allegedly suffered by the plaintiff herein are of a consequential and/or special nature.

### AS AND FOR A SEVENTH COMPLETE
### AFFIRMATIVE DEFENSE

TWENTY-SECOND:    That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, the plaintiff herein has no standing to maintain this action against this defendant.

### AS AND FOR AN EIGHTH PARTIAL
### AFFIRMATIVE DEFENSE

TWENTY-THIRD:  That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, the liability, if any, of this defendant for any loss, damage or delay is limited.

### AS AND FOR A NINTH
### PARTIAL AFFIRMATIVE DEFENSE

TWENTY-FOURTH:    The Complaint herein should be dismissed on the grounds of improper venue, in that plaintiff has filed this action in a district in which the plaintiff's subrogor does not reside; the transactions giving rise to this action lack any connection

with this district; and no witnesses are located within this district

WHEREFORE, defendant, Amerijet International, Inc., demands judgment against the plaintiff dismissing this action, together with costs and disbursements.

Dated:  New York, New York
       November 14, 2007.

          MOUND, COTTON & WOLLAN & GREENGRASS
          Attorneys for Defendant
          Amerijet International, Inc.

By_____
          Francis A. Montbach (FAM9631)
          Office and P. O. Address
          One Battery Park Plaza
          New York, New York  10004
          (212) 804-4200
          fmontbach@moundcotton.com

TO:
COZEN & O'CONNOR
Attorneys for Plaintiff
45 Broadway
16th Floor
New York, NY  10006

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF NEW YORK   )

Marian Kelly, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Maywood, New Jersey. That on the 14th day of November, 2007 deponent served the within ANSWER upon:

COZEN & O'CONNOR
45 Broadway
16th Floor
New York, NY  10006

at the addresses designated by said attorneys by depositing the same enclosed in a postpaid properly addressed wrapper directed to each of said attorneys at the above addresses in an official depository under the exclusive care and custody of the US Postal Service within the State of New York.

_____
             Marian Kelly

Sworn to before me this
14th day of November, 2007

_____
       Notary Public

IRENE SIEGEL
Notary Public State of New York
No. 41-4872330
Qualified in Queens County
Commission Expires October 14, 2010